UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER SANDERS,

               Petitioner,

    v.

UNITED STATES OF AMERICA,

               Respondent.

Case No. C17-729-JCC-JPD

REPORT AND RECOMMENDATION

Petitioner Christopher Sanders is a federal prisoner who is currently confined at FCI McDowell in Welch, West Virginia.  He has submitted to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that he is being held in custody unlawfully pursuant to a judgment entered in the United States District Court for the Eastern District of Pennsylvania in 2009.  (*See* Dkt. 1 at 2-3.)  The precise nature of petitioner's claims is unclear.  (*See id*. at 3-4.)

Generally, challenges to the legality of a federal court sentence must be filed under 28 U.S.C. § 2255 in the sentencing court.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  A prisoner who is authorized to apply for relief by motion under § 2255 may not petition

REPORT AND RECOMMENDATION
PAGE - 1

for habeas corpus relief under § 2241 unless he can show that "the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *Hernandez*, 204 F.3d at 864-65.

The question of whether petitioner's submission is properly construed as a petition for writ of habeas corpus under § 2241, as he apparently intends, or as a motion to vacate, set aside, or correct a sentence under § 2255, is critical to the determination of district court jurisdiction. *See Hernandez,* 204 F.3d at 865. However, it is a question which the Court need not answer in this instance. A petition filed under § 2241 must be heard in the court having jurisdiction over the petitioner's custodian, in this case the Southern District of West Virginia. As noted above, a motion filed under § 2255 must be filed in the sentencing court, in this case the Eastern District of Pennsylvania. Thus, regardless of how petitioner's submission is construed, it is abundantly clear that this Court has no jurisdiction over the matter.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Nothing in the record suggests that it would be in the interest of justice to transfer this case. Petitioner's claims lack sufficient clarity and specificity to suggest that he would be entitled to any relief under § 2241. In addition, the materials submitted by petitioner in support of his petition demonstrate that he currently has a motion under § 2255 pending in the Eastern District of Pennsylvania, and that he is represented by counsel in that matter. Any proper challenges to his conviction might arguably be brought in that proceeding.

Based on the foregoing, this Court recommends that petitioner's petition for writ of habeas corpus, and this action, be dismissed without prejudice to petitioner filing his action in an

REPORT AND RECOMMENDATION
PAGE - 2

appropriate venue.  This Court further recommends that petitioner's application to proceed with this action *in forma pauperis* be stricken as moot.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 5, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 7, 2017.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 14th day of June, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge